ORIGINAL

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Ronald S. Tillman,
      Plaintiff,

Civil No.1:CV-00-2041

(Caldwell, J)

v.

**FILED**
**HARRISBURG**

JUL 2 6 2001

MARY E. D'ANDREA, CLERK
Per_____
    DEPUTY CLERK

Donald Romine, et al.,
      Defendants.
--------------------------///

## DECLARATION OF RONALD S. TILLMAN IN SUPPORT OF HIS
## MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

---

      I, Ronald S. Tillman, Reg. No. 85375-071 declares under the penalty of perjury that:

**1)** I am the Plaintiff in this Civil Action(herein referred to as Plaintiff).

**2)** Plaintiff did on a number of occasions complain to A.W. Alexander about inmates and staff smoking that were housed in Unit 3/E-1 block at USP Lewisburg. In my complaints to A.W. Alexander about the officers that were working the block who were not enforcing the NO-Smoking Policy throughout the Unit. A.W. Alexander would ask me to give him the names of the inmates that were smoking, but A.W. Alexander WOULD NEVER ask me the names of the unit officers that I have seen smoking. The situation that A.W. Alexander put the Plaintiff in made it very hard for the plaintiff, because the plaintiff could have been killed or seriously hurt by being labeled as a "Rat" or "Informer" for reporting the violations of the NO-SMOKING policy, If I give

3

A.W. Alexander the names of the inmates as he requested I do. (See defendants statement of material at R.1 § 3, and R.3 § 3). Plaintiff would also like to state for the record that he did not voluntarily dismiss: **Defendants, FNU Winkler, Correctional Officer; and Captain Ey,** from his Amended Complaints. Plaintiff has asked the clerk of the Court, for the Middle District of Pennsylvania, to forward to all defendants, the requested summons and amended complaint so they would be on judicial notice of the Civil rights action against them. (See Plaintiff's letter to the clerk of the Court on 5/16/01, attached hereto as an Exhibit "A").

3) Plaintiff Opposes Counselor A.Whitecavage declaration, because Counselor A. Whitecavage is the Counselor for Unit 3 E-Block and was the person who inmates had to go to for movement within the Unit. Counselor A. Whitecavage is responsible for all the operations of enforcing the NO-SMOKING policy. Yes, Counselor A. Whitecavage did conduct some shakedowns on E-1, "But, It is not against policy to have cigarettes in the whole Unit. A few inmates were moved because they had ashtryas with cigarette butts in them, but other inmates that smoked would hide their ashtrays to avoid being moved out of the Unit. Counselor A. Whitecavage himself smoked on the floor, and I have witnessed Counselor A. Whitecavage smoking numerous times in the Unit myself.

4) Plaintiff Opposes A.W. T.R. Sniezek declaration because A.W.T.R. Sniezek is responsible for the daily operations of programs within USP Lewisburg, as well as, the policy of NO-SMOKING within the Prison.

4

5) Plaintiff Opposes the declaration of Warden Donald Romine, because he is responsible for the care and custody of inmates at USP Lewisburg, and the daily operations of all policies, programs, and staff at USP Lewisburg. Warden Romine, should have known or knew that his staff was violating the NO-SMOKING policy of the B.O.P. Warden Romine did not have his staff fully enforce the NO-SMOKING policy. Again, Plaintiff states that his life was in jeopardy when staff kept requesting that he tell on the inmates that were smoking in the Unit. Warden Romine should have knew or known that his staff actions were a violation of the laws of the United States, when his staff was trying to get the Plaintiff in a situation where he may be labeled a "rat" or a "Snitch". (See Exhibits of Plaintiff BP 8,9,10, 11 attached hereto As Exhibit T "D").

6) Plaintiff opposes the declaration of C.O.W.Sobleskie, because C.O. Sobleskie has committed perjury in his declaration, I have seen C.O. Sobleskie numerous times smoking in the Unit, and other NON-SMOKING AREAS! In his declaration before the court he stated, "I may have smoked a cigarette", due to a stressful situation. This is the type of problem the Plaintiff is bringing before the Court. If staff feel they can violate the policies and laws of the B.O.P. and the UNited States; **Who will Police the Police?** This violation by C.O. Sobleskie has truly shown that staff has no respect for the NO-SMOKING policy. (See defendants affidavit at R.7 § 2).

7) Plaintiff will oppose each and every remaining declaration due to the fact that each remaining defendant is all part of a Conspiracy to cover-up the many violations of the NO-SMOKING policy at USP Lewisburg.

8) Plaintiff did not or did not voluntarily dismiss defendants, **Winkler, and William Ey, Jr.** from his complaint. Plaintiff states

5

for the record that he has asked the Clerk of the Court many times
to forward to all defendants, any service to be made of the compl-
iant upon each defendant. This is to ensure that they be on Judicial
notice of this complaint filed. (See Exhibits attached hereto As *Exhibit T*

9) Plaintiff also states for the record that when he went to the
Commissary to buy cigarettes, he purchased them to pay for laundry
items, food items, out of the kitchen, and other items the plaintiff
needed, like sneakers, extra sweatpants and sweatshirts.

10) Plaintiff states that he did have medical problems concerning
his nose and throat. Plaintiff had a operation on his throat on or
about 1/29/01. (See Exhibits " *F* " attached hereto). Plaintiff never
smoked any kind of cigarettes and him purchasing cigarettes from
the commissary had nothing to do with him smoking cigarettes in or
outside the unit at USP Lewisburg.

11) So, for the foregoing factual allegations stated in my declaration
there do exist a genuine issue of material facts that will be proved
at a trial which will entitle Plaintiff to Judgement as explained
in Plaintiff's complaint, Memorandum of Law, and this declaration.

Pursuant to 28 U.S.C. § 1746, I decalre under penalty of
perjury that the foregoing is true and correct to the best of my
knowledge.

Dated: 7/18/01

*Ronald S. Tillman*
Ronald S. Tillman

seal

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Ronald S. Tillman
            Plaintiff,                    Civil No. 1:CV-00-2041
                                              ( Caldwell, J)

        v.


Donald Romine, et al.,
            Defendant. _____ ///
- - - - - - - - - - - - - - - - - - - -

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

---

        This is a Civil rights complaint under 28 U.S.C. § 1331
a action filed by a federal prisoner at the Federal Correctional
Institution in Edgefield, South Carolina; seeking damages based on
Constitutional and Civil rights violations. The defendant's attorney
has filed a Motion for Summary Judgement. Now Plaintiff's filed
Motion, Declaration and Memorandum of Law in opposition to defend-
ant's Motion for Summary Judgement.

---

[1] Prisoner Ronald S. Tillman was at USP-Lewisburg when the original incidents
and Civil Complaint was filed.

A

## STATEMENTS OF FACTS

1). Plaintiff on or about November 22, 2001; filed a Complaint
in the U.S. District Court, for the Middle District of Pennsylvania
claiming violations of <u>Cruel and Unusual Punishment</u>, Clause of
the Eighth Amendment of the United States Constitution. The claimed
violations arose from involuntary exposure to environmental tobacco
smoke (hreinafter referred to as "ETS"), from other inmates and
correctional officers cigarettes, which has posed an unreasonable
risk to Plaintiff's health, thus subjecting him to Cruel and Unusual
Punishment in violation of the Eighth Amendment.

2). On Summary Judgement, defendant's filed affidavits in support
of their respective positions. Plaintiff's affidavit essentially
recite the NO-SMOKING violations of the Bureau of Prisons policy,
which deprived the Plaintiff of his right to be free from second
hand tobacco smoke from other inmates and Correctional Officers
cigarettes at USP-Lewisburg. Moreover, Plaintiff's affidavit contends
that he tried to contact every prison official regarding the NO-
SMOKING policy at USP-Lewisburg, and the violations by staff and
inmates alike that had violated the NO-SMOKING policy , but the
Warden, A.W.'s, and Captains took no true action in response there-
to.

3). Defendant's affidavits filed in response to Plaintiff's Amended
Complaint and in support of their Summary Judgement Motions, basic-
ally disclose the violations by staff and inmates regarding the NO-
SMOKING policy at USP-Lewisburg. Additionally, defendant C.O./W.
Sobleskie clearly stated in his affidavit that he had smoked in
the Unit because of a stressful situation that had occured in the
Unit. Correctional Officer Sobleskie total disregard for the NO-
SMOKING policy at USP-Lewisburg, shows how staff has violated the

B

NO-SMOKING policy. (See declaration of C.O./W. Sobleskie attached hereto as exhibit "*C*" ). The Plaintiff is in a stressful situation daily himself, but the Plaintiff does not SMOKE or would not smoke in a NO-SMOKING area.

4). The Plaintiff was allowed to amend his Civil rights Complaint pursuant to Rule 15, of the Federal Rules of Civil Procedure.

5). On or about June 20, 2001, defendant's Attorney served Plaintiff with their Brief In Support of the defendant's Motion For Summary Judgement.

6). Now the Plaintiff filed this Memorandum of Law In Opposition To defendant's Motion for Summary Judgement.

## ARGUMENT

### SUMMARY JUDGEMENT MAY BE GRANTED IN FAVOR OF PLAINTIFF BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT WHICH PLAINTIFF WAS EXPOSED TO SECOND HAND TOBACCO SMOKE!

The Plaintiff contends that his involuntary exposure to environmental tobacco smoke (ETS) from other inmates and Officers cigarettes clearly shows the objective element the Plaintiff has to prove being exposed to unreasonably high levels of ETS, and the Plaintiff's subjective element, that officials have shown a "deliberate indifference" to his exposure to the second hand smoke. (See defendants affidavits attached hereto, and the BP-8,9,10,11 and the Program Statement attached hereto as exhibits.)

Plaintiff argue's that genuine issues of material facts regarding the NO-SMOKING policy at USP-Lewisburg did violate Plaintiff's Eighth Amendment Right. Clearly, the NO-SMOKING policy of the B.O.P. are material given to substantive law surrounding a Eighth Amendment claim. **Helling v. McKinney,** 113 S.Ct. 2475 (1993).

C

Moreover, Plaintiff's affidavit are more than colorable, and obviously place the smoking surrounding the NO-SMOKING policy in issue.

District Courts may enter Summary Judgement in a Movant's favor upon a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a Judgement as a matter of law." Fed. R. Civil Proc. 56(c). "[A] party seeking Summary Judgement always bears the initial responsibility of informing the District court of the basis for its Motion, and in identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." **Celotex Corp. v. Cotrett,** 106 S.Ct. 2548, 2553(1986). "As to materiality the substantive law will identify which facts are material." **Anderson v. Liberty Lobby, Inc.,** 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Once materiality of a fact is established, district courts must determine whether a genuine issue regarding that fact exists in the record. In order to demonstrate the genuineness of any issue of material fact, the non-moving part "must do more than simply show that there is some metaphysical doubt as to [that] material fact[]." **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,** 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Thus, "[i]f the evidence <u>regarding existence of a genuine issue of material fact</u>, is merely colorable....., or is not significantly probative,....., Summary Judgement may be granted." **Anderson,** 477 U.S. at 249-50, 106 S. Ct. at 2510-11.

In this case, Plaintiff (Tillman) has met the standards set forth in **Helling** to show that his exposure to second-hand smoke

D

rises to the level of an Eighth Amendment violation.

On Summary Judgement the inferences to be drawn from the underlying facts.......must be viewed in the Light most favorable to the party opposing the Motion. **Matsushita,** 475 U.S. at 587, 106 S.Ct. at 1356, quoting **United States v. Diebold Inc.,** 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L.Ed. 2d 176 (1962). In the language of the Rule, the nonmoving party must come forward with "specific facts showing there is a genuine issue for trial. <u>Fed Rules Civil</u> Procedure, 56(e)(emphasis added). See also Advisory Committee Note to 1963 Amendment of Fed. Rule Civil Proc. Rule 56(e), 28 USC App. p.626 (purposes of Summary Judgement is to "pierce the pleadings and to assist the proof in order to see whether there is a genuine need for trial". Plaintiff at various times, did complain to prison officials, and plaintiff had an operation on his throat, which prison officials knew of, and prison medical staff could have informed prison officials of the effects of second hand smoke.

Plaintiff, has proven the "objective element" of the **Helling** test and defendants should not be granted Summary Judgement and as to the subjective element, Plaintiff can and will show the "deliberate indifference" to Plaintiff's exposure to second-hand smoke. Therefore, the defendants motion for Summary Judgement should not be granted, and a trial date should be set.

## CONCLUSION

This court does have jurisidiction to hear a **Bivens** claim filed against federal employee's in their official and individual capacities. And Plaintiff has cited Civil and Constitutional violations by the defendant's and the defendant's should not be granted any kind of immunity for their violations of the Laws of the United States Constitution.

E

Wherefore, The Plaintiff prays that:

1). This Honorable Court hold a hearing on his Motion In Opposition to the defendant's Motion for Summary Judgement.

2). That this honorable court will order a trial in the interest of Justice, so that the Plaintiff may present evidence in Support of his claims.

3). That this honorable court order the defendant's to pay to sum requested by Plaintiff for puntive damages for pain and suffering and mental anguish.

4). That this honorable court will grant any and all other relief which this court, in it's wisdom deems as just and proper.

Dated this __18 Th__ day of July, 2001...........................

Respectfully Submitted,

*Ronald S. Tillman*

Ronald S. Tillman/#85375-071
Federal Correctional Institution
P.O. Box 724
Edgefield, SC 29824

F

## CERTIFICATE OF SERVICE

I, Ronald S. Tillman, do solemly affirm that on this _18TH_ day of July in the year 2001, I did cause to be served one true copy of this Motion in Opposition to the Defendants Motion for a Summary Judgement Ruling by filing a Certified document/Motion via the U.S. Postal service by deposits in the institutional mailbox at Federal Correctional Institution Edgefield, In Edgefield, SC. I addressed this documentation to the party listed below:

Kate L. Mershimer,AUSA
Shelley Grant/Paralegal Specialist
217 Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108
(717) 221-4482

_Ronald S. Tillman_

Ronald S. Tillman

G

Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

)
)
Ronald Tillman                )        1:00-CV-02041
Plaintiff                     )
)
v.                            )
)
Donald Romine, etal           )
Defendant                     )

### DECLARATION OF A.W. ALEXANDER

I, A.W. Alexander, hereby state:

1.    I am presently employed as a Unit Manager for the Bureau of Prisons at the United States Penitentiary (USP) at Lewisburg, Pennsylvania.  I am aware that I have been named in the above referenced civil action in which inmate Ronald Tillman, Reg. No. 85375-071, complains about exposure to second hand tobacco smoke.

2.    During the time period relevant to this complaint, inmate Tillman was assigned to E-block, which is one of the housing units which my Unit Team supervises.  The housing unit is a modified dormitory styled unit.  Each inmate has his own four-walled cubicle. Inmate Tillman did not have a cellmate.  The first floor of E-block is a non-smoking floor.  Smoking is permitted on the second and third floors of E-block.  Inmate Tillman was assigned to the non-smoking first floor.

3.    I recall that inmate Tillman complained to me about some inmates smoking on the first floor of E-block.  I asked him to identify the inmates, but he refused to do so.  Because inmate Tillman would only make vague allegations, the problem was more difficult to deal with.  I discussed the issue with members of my Unit Team and instructed them to be vigilant about violations of the smoking policy.  All Unit Teams members make a sincere effort to accommodate inmate's smoking preferences and enforce smoking regulations. However, it is a reality of prison administration that a very large percentage of inmates smoke and  inmates frequently attempt to circumvent the institution's smoking policy.

4.    Because inmate Tillman refused to provide staff with the names of the inmates he claimed were violating the smoking policy, I directed staff to conduct a "shakedown" of the entire first floor of E-block  to determine if inmates possessed cigarettes.  These floor-wide shakedowns were conducted on at least two occasions during the time period relevant to this complaint.  Possession of cigarettes, per se, is not a violation of policy, however, and those inmates who were found to have possessed cigarettes were counseled about the institution's smoking policy and reassigned to a smoking floor.

R. 1

5.   Inmate Tillman was transferred from USP Lewisburg to FCI Edgefield, South Carolina, in February 2001.   Inmate Tillman was from South Carolina, and concurred with the transfer.

I hereby state under penalty pursuant to the 28 U.S.C.§ 1746, that the above is accurate to the best of my knowledge.

A.W. Alexander, Unit Manager
United States Penitentiary
Lewisburg, PA 17847

6-1-01
Date

R. 2

Exhibit "B"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| Ronald Tillman | ) | 1:00-CV-02041 |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| Donald Romine, etal | ) |  |
| Defendant | ) |  |

### DECLARATION OF A. WHITECAVAGE

I, A. Whitecavage, hereby state:

1.      I am presently employed as a Correctional Counselor for the Bureau of Prisons at the United States Penitentiary (USP) at Lewisburg, Pennsylvania.  I am aware that I have been named in the above referenced civil action in which inmate Ronald Tillman, Reg. No. 85375-071, complains about exposure to second hand tobacco smoke.

2.      During the time period relevant to this complaint, inmate Tillman was assigned to E-block, which was one of the housing units I supervised.   The housing unit is a modified dormitory styled unit. Each inmate has his own four-walled cubicle.  Inmate Tillman did not have a cellmate.  The first floor of E-block is a non-smoking floor.  Smoking is permitted on the second and third floors of E-block.  Inmate Tillman was assigned to the non-smoking first floor.   Before any inmate was moved onto the first floor of E-block, the inmate was warned that smoking was prohibited on the first floor.  Inmates who were smokers were assigned to other housing unit areas.

3.      I recall that inmate Tillman complained to me generally about some inmates smoking on the first floor of E-block.   However, the inmate refused to provide any specific information about who the inmates were.   The Unit Manager overseeing E-block directed myself and other staff to conduct floor wide shakedowns of first floor of E-block in an effort to determine if inmates were violating the smoking policy.   Any inmates who were found to be smoking on the unit were removed.

I hereby state under penalty pursuant to the 28 U.S.C.§ 1746, that the above is accurate to the best of my knowledge.

_____          _____
A. Whitecavage, Correctional Counselor                    Date
USP Lewisburg

6/5/01

R. 3

*Exhibit "C"*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| Ronald Tillman<br>Plaintiff | ) )<br>) 1:00-CV-02041<br>) ) |
| v. | ) ) |
| Donald Romine, etal<br>Defendant | ) )<br>) ) |

### DECLARATION OF W. SOBLESKIE

I, W.Sobleskie, hereby state:

1.      I am presently employed as a Correctional Officer at the United States Penitentiary (USP) at Lewisburg, Pennsylvania.  I am aware that I have been named in the above referenced civil action in which inmate Ronald Tillman, Reg. No. 85375-071, complains about exposure to second hand tobacco smoke.

2.      With regard to me, inmate Tillman states that on one occasion, he observed me smoking on his housing unit when I came in to help with the count.  On the evening of June 19, 2000, I was assisting with the evening count on E-block, when I discovered an inmate who was unconscious and unresponsive.  I called for assistance and began securing the inmate's area.  As medical staff arrived, I may have smoked a cigarette, as the situation was very stressful.  The inmate was pronounced dead by Health Services Staff.  As I was concerned with the immediate area in and around this inmate's cube, I was not aware of any other inmates smoking elsewhere on the housing unit.

I hereby state under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746, that the above is true and accurate to the best of my knowledge and belief.

_____          _____
W. Sobleskie, Correctional Officer                              Date
USP Lewisburg

R. 7

*Exhibit "D"*

CICS

E105

*137-IF-00*

ATTACHMENT #1
LEW 1330.16
Page 1

### INFORMAL RESOLUTION ATTEMPT

In accordance with Program Statement 1330.7, <u>Administrative Remedy Procedure for Inmates</u>, this form will serve as documentation by the respective staff member and his unit manager to indicate an informal attempt to resolve the complaint of the following inmate:

NAME: _Tillman Ronald_ Reg. No. _85375-071_

FORM TO INMATE: _5/19/00_ STAFF _Osceen_ _U3_
(Date) (Name) (Unit)

A BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM ATTACHED (Pg 1 & Pg 2).
-----------------------------------------------------------------

1. Nature of Complaint (to be completed by inmate):

Non-compliance of program statement 164003 Smoking/No smoking Areas Dated July 1, 1994. By the officer that are assigned to unit three (3). I have on numerous occasion talked with Mr. Lopez, about the smoking problem in unit three and the movie theather. I was insured that the problem would be taken care of by Mr. Lopez. I would ask that Mr. Lopez, instruct his officer to in force the no smoking policy here at USP Lewisburg.

ATTACHMENT #1
LEW 1330.16
Page 2

**FOR STAFF USE ONLY** (to be completed within 5 days)

2.   Date Received from Inmate: _5/24/00 (AA)_

3.   Staff Member Assigned to Respond by U/M: _A.W. Alexander, Unit Manag_

4.   Efforts Made to Resolve the Problem: ___This issue was discussed___
     with the Captain who has direct supervision of the Correctional Services
     Department.  All Correctional Officers are assigned to this department and
     therefore receive directions from the Captain.  The Captain and shift
     Lieutenants will provide guidance to Correctional Officers with the goal
     of correcting the violations of the smoking policy which you have cited.



4.   Applicable Program Statement Used in this Informal Resolution
     Attempt: _N/A_

5.   Inmate's Response to Informal Remedy Attempt: _____
     _BPG  Not Satisfied_


Prepared by: ___A.W. Alexander, Unit Manager___

Received by (U/M): _5/26/00_

Original Returned to Inmate (Date): _5/26/00_

cc:  Central File

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

| From: | Tillman, Ronald, S | 85375-071 | Three – E1 | USP Lewisburg |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**Part A– INMATE REQUEST**

Non-Compliance of program statement 1640.03, Smoking/No Smoking areas, dated July 1, 1994. I have not signed off on the attached BP8 because to this date I have not witnessed any attempt by the block officers to enforce the no smoking policy in the block I reside, nor have I witnessed any attempts by the officers assigned to monitor the movie to get inmates to comply with the No Smoking policy in the movie theatre. I cannot go into my cubicle and read books or write letters without someone on the floor smoking and by direct from the Unit Manager the floor I reside is a no smoking floor. The no smoking policy in the theatre is completely ignored with smoking going on in every area of the movie. The smoke is harmful to my health and causes much discomfort when second hand smoke is breath into a non-smokers lungs. All I ask is that the policy be enforced. There are areas in which smoking is permitted I would respectfully ask that smoking be limited to these areas.

| May 30, 2000 | _Ronald S. Tillman_ |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**



| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _214074-F1_

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

USP LVN



Printed on Recycled Paper

BP–229(
APRIL 19

**Admin. Remedy No.: 214074-F1**
**Part B - Response**

## ADMINISTRATIVE REMEDY RESPONSE

In your Request for Administrative Remedy, you state Program Statement 1640.03, Smoking/No Smoking Areas, dated July 1, 1994, is not being complied with at USP Lewisburg. Furthermore, you claim second hand smoke is harmful to your health and caused you discomfort.

Those inmates in the nonsmoking section of the unit, who are either caught or reported to unit staff about smoking in a prohibited area, will be moved to the smoking section. USP Lewisburg staff members are aware of the smoking policy and make every effort to enforce the policy. Any concerns regarding inmates smoking in nonsmoking areas of the institution should be brought to the attention of a staff member so the situation can be corrected. Finally, a review of your medical file does not indicate that you have been examined for any smoking related aliment.

Based on the above, the relief you request has been DENIED. If you are dissatisfied with this response, you may appeal to the Regional Director, United States Federal Bureau of Prisons, Northeast Regional Office, United States Customs House - Seventh Floor, Second and Chestnut Streets, Philadelphia, PA 19106, within twenty (20) calendar days from the date of this response.

6/28/00
Date

U. Donald Romine, Warden

ATTACHMENT #1  292-1F-
LEW 1330.16
Page 1

## INFORMAL RESOLUTION ATTEMPT

In accordance with Program Statement 1330.7, <u>Administrative Remedy Procedure for Inmates</u>, this form will serve as documentation by the respective staff member and his unit manager to indicate an informal attempt to resolve the complaint of the following inmate:

NAME: <u>Konald S. Tillman</u>  Reg. No. <u>85375-071</u>

FORM TO INMATE: <u>11/13/00</u>  STAFF <u>MIUER, R.</u>  <u>3</u>
                  (Date)              (Name)        (Unit)

A BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM ATTACHED (Pg 1 & Pg 2).
-----------------------------------------------------------------

1. Nature of Complaint (to be completed by inmate):

<u>Non-Compliance of program statement 1640.03</u>
<u>On 11/19/00 at 6:45pm. Inmates are in the mov</u>
<u>theater smoking. Officer Rodermel and officer</u>
<u>Gass, sat in the back of the movie theater,</u>
<u>Watching the movie. These officers made no atte</u>
<u>to tell any of the inmates that were smoking,</u>
<u>to put there cigarette's out. I am asking once ag</u>
<u>that the officer's here at USP Lewisburg to enforce</u>
<u>the Non-smoking policy at all time's. Not only in</u>
<u>the movie theater, but throw out this institution</u>

ATTACHMENT #1
LEW 1330.16
Page 2

**FOR STAFF USE ONLY** (to be completed within 5 days)

2.   Date Received from Inmate: ___11/21/00 AD___

3.   Staff Member Assigned to Respond by U/M: ___J. Schwed Case Mang___

4.   Efforts Made to Resolve the Problem: ___The enforcement of the non-smoki___ policy is an important one and staff are making every effort to prevent the violation of the policy. Although staff are working effectively to prevent such violation as you have cited in this complaint, it is also important that inmates following the policy. In some areas of the institution such as the area cited in this complaint, it is difficult for staff to stop every inmate violator. Staff w continue to enforce the non-smoking policy and those violators will receive the proper disciplinary action. _____

_____

_____

4.   Applicable Program Statement Used in this Informal Resolution Attempt: __P.S. 1640.03__

5.   Inmate's Response to Informal Remedy Attempt: _____

_____

_____

_____

Prepared by: ___A.W. Alexander, Unit Manager___

Received by (U/M): ___11/27/00___

Original Returned to Inmate (Date): ___11/27/00___

cc:   Central File

U.S. DEPARTMENT OF JUSTICE          REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Tillman, Ronald S          85375071          3          USP Lew
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A– INMATE REQUEST**   There is still a non-compliance of progrqam statement
1640.03. Inmates are still being allowed to smoke freely throughout the
institution. This remedy is specifically directed to the movie theatre
where I witnessed staff on 11/19/00 allow smoking. However, this is still
occuring despite the resposnse by A.W. Alexander in the BP-8. Furthermore,
the response of A.W. Alexander is that of a bald assertion because there
is no evidence that staff are taking measures to enforce this policy. As
of this filing inmates are still not being punished for there blatent
disregard for violating the non-smoking policy throughout the institution.
In effort to support my claim, I will file a Freedom of Information Act
on how many inmates have been or received incident reports for this con-
tinued blatant violation which exposes non-smoking inmates to a haem that
is documented as resulting in fatal physical injury.

12/6/00          *Ronald S. Tillman*
DATE          SIGNATURE OF REQUESTER

**Part B– RESPONSE**

12/20/01          
DATE          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this respon*

**ORIGINAL: RETURN TO INMATE**          CASE NUMBER: 228437-F1

CASE NUMBER: _____

**Part C– RECEIPT**
Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

DATE          RECIPIENT'S SIGNATURE (STAFF MEMBER)          BP-22

Admin. Remedy No.: 228437-F1
Part B - Response

## ADMINISTRATIVE REMEDY RESPONSE

In your Request for Administrative Remedy, you state that staff are not enforcing Bureau Of Prisons policy concerning designated non-smoking areas.

A review into this matter reveals that, in fact, the administration at USP, Lewisburg has adequately addressed this issue in Institution Supplement 1640.03, Smoking/No Smoking Areas, dated November 12, 2000. This supplement clearly outlines the areas throughout the institution which are designated as Smoking/Non Smoking Areas. A review of Inmate Disciplinary Records reveals that staff in this Institution are enforcing the BOP/Institution policy by writing incident reports for Smoking Where Prohibited (Codes 403/332) when they become aware of such conduct or violations by the inmate population. Additionally, as of November 6, 2000, the BOP has upgraded the act of Smoking Where Prohibited to Code 332 in order to impose tougher sanctions on those inmates who are found to be in violation of this act. There are also signs designating Smoking/Non Smoking Areas throughout each housing unit and work areas in the institution. Staff make every effort to detect those inmates who violate the Smoking/Non Smoking policy and take appropriate action when necessary.

Based on the above, your request for relief is partially granted, in that appropriate measures are being taken against those inmates who are detected violating this policy. If you are dissatisfied with this response, you may appeal to the Regional Director, United States Federal Bureau of Prisons, Northeast Regional Office, United States Customs House-Seventh Floor, Second and Chestnut Streets, Philadelphia, PA., 19106, within twenty (20) calender days from the date of this response.

_Donald Romine_                         12/20/01

Donald Romine, Warden                   Date

08-15-01

ATTACHMENT #1
LEW 1330.16
Page 1

### INFORMAL RESOLUTION ATTEMPT

In accordance with Program Statement 1330.7, <u>Administrative Remedy Procedure for Inmates</u>, this form will serve as documentation by the respective staff member and his unit manager to indicate an informal attempt to resolve the complaint of the following inmate:

NAME: _Tilman S. Ronald_   Reg. No. _85375 071_

FORM TO INMATE: _1-17-01_   STAFF _White_ _3_
               (Date)                 (Name)      (Unit)

A BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM ATTACHED (Pg 1 & Pg 2).
-----------------------------------------------------------------
1. Nature of Complaint (to be completed by inmate):

_Non-Compliance of program statement 1640.03 Officers and inmates are still violating the Smoking policy. Their for I am asking that, No tobacco products be sold here at USP Lewisburg. And that no one be allow to smoke any were in this institution. Because if officers won't enforce the smoking policy at all time's, and inmates won't stop violating the smoking. Their for it should be taken a way from them._

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | TILLMAN RONALD S. | 85375-071 | 3-E105 | USP LEWISBURG |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST** Non-compliance of program statement 1640.03 by
officers and inmates. Every were I go officers and inmates are violat-
ing the smoking policy. The officers are smoking were they should not
be smoking. And the officers are letting inmates smoke were they should
not be smoking. Base on the fact that there can never be a full com-
pliance of the smoking policy here at USP LEWISBURG.Because of the
officers non-willingness to enforce thenno smoking policy at all times
here at USP LEWISBURG, and the inmates that violate the smoking policy
every chance they get. So I have no another recourse but to ask that
there be no (TOBACCO PRODUCT SOLD HERE AT USP LEWISBURG). And that no
one be allow to smoke any were in this institution. Because if officers
won't enforce the smoking ploicy at all times, and inmates won't stop
violating the smoking policy. Their for it should be taken a way from
them.

| 1-23-01 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B- RESPONSE**

*Rec'd 1/24/01*

| 2/14/01 | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this respon*

ORIGINAL: RETURN TO INMATE        CASE NUMBER: 231749-F1

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

| DATE | | RECIPIENT'S SIGNATURE (STAFF MEMBER) | BP-229 |
|---|---|---|---|
| USP LVN | Printed on Recycled Paper | | APRIL 1 |

Admin. Remedy No.: 231749-F1
Part B - Response

## ADMINISTRATIVE REMEDY RESPONSE

In your Request for Administrative Remedy, you request that all USP Lewisburg staff enforce the no-smoking policies of the Bureau of Prisons.  You also request that all tobacco products be banned from the institution for both staff and inmates.

A review into this matter reveals that the staff at USP Lewisburg are alert to smoking violations and are enforcing the policy in an effective manner.  As you stated, **"inmates violate the smoking policy every chance they get.  Inmates won't stop violating the smoking policy."**  Our staff make every effort to monitor the no-smoking areas of the institution.  However, USP Lewisburg currently houses in excess of 1200 inmates and it is impossible to know every inmate is smoking at any given time.  Available data confirms that staff are writing incident reports on inmates found to be violating the institution's smoking policy.

Further, in November 2000, the Bureau of Prisons enacted a policy change designed to deter unauthorized smoking by increasing the Incident Report severity level from a Low Moderate (432) to a Moderate severity level (332).  With regards to your request that I implement a total ban on all tobacco products, Wardens do not have such broad authority. A policy banning all tobacco products from an institution must be implemented at the Central Office level.

Based on the above, your request for relief is partially granted in that staff, to the extent practical, enforce the no-smoking policy.  If you are dissatisfied with this response, you may appeal to the Regional Director, U. S. Bureau of Prisons, Northeast Regional Office, U. S. Customs House - 7th Floor, 2nd and Chestnut Streets, Philadelphia, PA 19106, within twenty (20) calendar days from the date of this response.

_____          2/14/01
**Donald Romine**                                        **Date**
**Warden**

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | Tillman, Ronald, S | 85375-071 | Three-E105 | USP Lewisburg |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

I would like to appeal the decision given on my BP-9, Non-Compliance of Program Statement 1604.03, Smoking/Non Smoking Areas, dated July 1, 1994. There has been no progress made to rectify the smoking problem here at USP Lewisburg. Inmates and Staff continue to smoke in non-smoking areas throughout the institution. The verification of no medical problems related to smoking in my medical file is of no importance to my BP-9 issue. I along with other inmates who are non-smokers are entitled to smoke free areas. The area of the housing unit in which I live has been designated a non-smoking area, I continue to live there, by choice, because the area is for non-smokers. To allow smoking defeats the purpose of designating the area for non-smokers.

I have continuously brought the problem to the attention of the administration with no results to this date for over a year. The administration is well aware of the problems that exist, the question is when is something going to be done. It is a matter of record that smoking and cigarette smoke is harmful to your health. I would appreciate adherence to the policy as a matter of health and comfort.

| July 14, 2000 | *Ronald S. Tillman* |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _214074-1_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: ─

Return to: _____

LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

BP-230

**TILLMAN, Ronald S.**
Reg No. 85375-071
Appeal No. 214074-R1
Page One

---

### Part B - Response

Your complaint alleges USP Lewisburg does not comply with Program
Statement 1604.03, Smoking/No Smoking Areas, and that you were
being forced to breathe in second hand smoke.

Our review of your appeal revealed the following information.
You are presently being housed in unit three (3)-E105 which is a
nonsmoking area of the housing unit.  Institution policy
concerning Smoking/No Smoking Areas is available to inmates.
Staff at USP Lewisburg strive to enforce the smoking/no smoking
policy at all times.  However, if you become aware that this
policy is being violated by inmates smoking in a non-designated
smoke area, you must bring this to the attention of Staff.
When Staff have determined that an inmate was smoking in a non-
designated smoking area, that inmate is immediately moved to a
smoking unit.  Your medical record does not reflect that you have
complained or been examined for any smoking related issues or
concerns.  If you are experiencing respiratory problems, you
should seek medical attention from Health Services. Accordingly,
your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons. Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: August 15, 2000

DAVID M. RARDIN
Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Tillman, Ronald S__   __85375-071__   __Three-E105__   __USP Lewisburg__
 LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL**

I am appealing the response to my BP-10. To this date I have not witnessed any marked improvement in the enforcement of the non-smoking policy in non-smoking areas, to wit; movie theatre, housing areas and phone calling area. In my BP-10 response its is claimed that inmates that are cited for violating the non-smoking policy are moved from non-smoking area once cited. This is unfound, recently an inmate that resides in the non-smoking area in which I am housed was given a disiplinary report for smoking in a non-smoking area. This inmate was given extra-duty as a sanction and still resides in the area to this date, he was not moved as claimed would be the sanction for such offense. Also in the response mention is made of my not having a recorded medial aliments related to smoke and that I have not complained of any discomfort due to smoking. A check of the files at health services will reveal that on several occasions I have complained of problems with my nose & throat. When being examine I was asked if I smoked any tobacco products. Also the first time mention is made of me making a claim that I have medical problems due to smoking is in the Warden's response to my BP-9. At no time did I mention anything about my medical records or make any false claims. Finally I am asking for clarification of my denial. Is my request to have the non-smoking policy being enforced being denied? Please see attached copy of my BP-8, BP-9 and BP-10 to bolster my claim of not having made any false claims concerning my medical records.

__August 28, 2000__   *Ronald S. Tillman*
 DATE   SIGNATURE OF REQUESTER

**Part B—RESPONSE**



RECEIVED
AUG 30 2000

RECEIVED
AUG 28 2000
ADMINISTRATIVE
REMEDY BRANCH

_____   _____
 DATE   GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE   CASE NUMBER: _21474-A_

**Part C—RECEIPT**

 CASE NUMBER: _____

Return to: _____
 LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____   _____
 DATE   SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN   BP-231(13)
 APRIL 19

**Administrative Remedy No. 214074-A1**
**Part B - Response**

You claim there has been no improvement in the enforcement of the
no smoking policy in certain areas of USP Lewisburg.  You claim
your health has been adversely affected and you are concerned
that your medical records are inaccurate.

Program Statement 1640.3, <u>Smoking/No Smoking Areas</u>, gives the
Warden the authority to designate certain areas as smoking areas
upon consideration of the physical layout and effective
operations of the institution.  If not otherwise designated as a
smoking area, all areas of the institution are considered non-
smoking.  Our review of your appeal indicates staff appropriately
addressed your concerns and have taken reasonable steps to limit
exposure to smoke by enforcing the no smoking policy when
violations are observed by staff.  As you were told by the Warden
and the Regional Director, you should notify staff of violations
in the no smoking areas of the institution.  Your concern about
your health care and the accuracy of your medical records should
be raised in a separate request for administrative remedy at the
institution level.  Accordingly, we find no basis for any relief.
Your appeal is denied.

_____
Oct. 27, 2000
                Date

_____
                Harrell Watts, Administrator
                National Inmate Appeals

*Exhibit "E"*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Ronald S. Tillman,
        Plaintiff

    v.                           Civil Action No. <u>1:CV-00-2041</u>

Donald Romine, et. al.,
        Defendants.

-------------------------------------------------------------------

### PETITION FOR NAME OF COURT AGENT WHO FAILED TO SIGN FOR MOTION

### DELIVERED AND DATED BY THE HONORABLE COURT

---

       **Comes Now,** Plaintiff, **Ronald S. Tillman,** In Pro/Se and with a reverance for the honorable law. The Plaintiff filed and certified copies of petition to the honorable court in a timely and efficient manner. (<u>See Exhibits of U.S. Postal Form P.S. Form 3811, Domestic Return Reciept</u>)(<u>See also U.S. Postal Certified Mail receipt PS Form 3800 #7099 3400 0015 2024 4196</u>). The plaintiff has followed the courts requirements to the letter! It is beyond his control in an incarcerated situation what transpires at the Court house. The exhibits portrayed in this petition for a clarification of the unnamed receiver of U.S. Mail in the Middle District of Pennsylvania. Plaintiff submitted 16 copies of U.S. Marshal Summons forms, Submitted 16 U.S. Marshal 285 Forms, One cover Sheet, One Certificate of service was also submitted. The plaintiff also had 18 copies of the Amended complaint submitted to the Court with 2 copies for the court clerk. The plaintiff humbly and respectfully request to have the forms listed above resent to him for a completion once again because of the clerks mistakes. The court has a duty to

1

to assist and support a pro/se litigant who has complyed with the applicable rules and procedures of this honorable court. The request is not to delay Justice but to properly support the Complaint that is presently in this court. The court can recommend the forms misplaced to be sent to the plaintiff for a resubmittion and in the fairness of the judicial forum.

The court has a obligation to uphold its duty to the plaintiff. The plaintiff will send a copy of the Amended complaint along with the instant petition for assistance and clarification.

The plaintiff is requesting the assistance of the Court in this matter. The Plaintiff will re-submit ONE COPY of the amended complaint and he humbly request the Court to forward the copies to all named defendants in the Civil Complaint. The process for a incarcerated person to get another set of Marshal forms takes a few weeks and the Court has set a specified time frame for the resubmittion of the required documents. Petitioner will attempt a telephonic conversation with a clerk or a representative of the court to further assist himself in this vital matter. The number that will be called is (717) 221-3920 in Harrisburg, PA addressing a represent-ative of District Clerk Mary E. D' Andrea For the Middle District of Pennsylvania. If further information is needed the plaintiff is a respectful man who wants to be treated fairly and who wants to be a fair participant in any form to assist this dilemma. I await your response and or request for additional information.

Dated this ___*16*___ day of May, 2001...............................

Respectfully Submitted,

*Ronald S. Tillman*

Mr. Ronald S. Tillman

Mr. Ronald Tillman/#85375-071
Federal Correction Institution
P.O. Box 724
Edgefield, SC 29824


Kate L. Mershimer/David M. Barasch
U. S. Attorney's Assistant
Middle District of Pennsylvania
U.S. Department of Justice                                    April 17, 2001
Federal Building, Suite 220
P.O. Box 11754
228 Walnut Street
Harrisburg, PA 17108-1754



RE: <u>RESPONSE TO GOVERNMENTS ATTORNEY DATED APRIL 13, 2001</u>


Attorney Mershimer,

      I am responding to your letter dated April 13, 2001 in
which you requested I send you copies of my "Motion For Leave To
File an Amended Complaint and my Motion To Enlarge Time", so that
your records will be complete. Pursuant to Rule 3 and Rule 4(b)
of the Federal Rules of Civil Procedure it is the Court, who upon
or after the filing of a Complaint, theplaintiff may present a
summons to the **clerk** for signature and seal. If the summons is in
proper form, the **clerk** shall sign, seal, and issue it to the plain-
tiff for service on the defendant. Plaintiff Ronald S, Tillman was
in transit from one Federal Institution to another, and the **Court
filed the Complaint!** Plaintiff NEVER knew that you were the party
to be served because of the actions of the Court! In the interest
of Justice, plaintiff request the Court to supply the missing or
necessary documents to the U.S. Attorneys office to complete her
records. Plaintiff will submit a copy to the Court for review.

## CONCLUSION

Because the facts and material contained in the requested material are in effect the property of the Court, it is fundamentally fair to allow the Court to correct any errors that may have ensued as a result of the fast filing of the actual Complaint. If the Court is in agreement, Plaintiff respectfully request a copy himself because He does not have any property to secure a copy from for the Governments Attorney.

Dated this_____17th_____day of April, 2001.......................

Respectfully Submitted,

*Ronald S. Tillman*
Ronald S. Tillman/85375-071
Plaintiff Pro/Se

## Certificate of Service

I do affirm that on this day, the 17th of April, 2001 I did cause to be served on the interested party listed below a true and exact copy of the letter filed to the Clerk of Court in the instant matter.

Kate L. Mershimer
Assistant U.S. Attorney
Federal Building, Suite 220
P.O. Box 11754
228 Walnut Street
Harrisburg, PA 17108-1754

April 17, 2001

*Ronald S. Tillman*
Ronald S. Tillman

```
Ronald S. Tillman
USP-LEWISBURG
#85375-071
P. O. Box 1000
Lewisburg, PA  17837
```

Re: 1:00-cv-02041

-----------------------------------------

-----------------------------------------

Please file all pleadings directly with the Clerk's Office in which
the assigned Judge is located.  Do not file any courtesy copies
with the Judge's Chambers.

| JUDICIAL OFFICERS: | CLERK'S OFFICE ADDRESS: |
|---|---|
| Judge Sylvia H. Rambo<br>Judge Yvette Kane<br>Judge William W. Caldwell<br>Magistrate Judge J. Andrew Smyser | U.S. District Court<br>  228 Walnut Street<br>P.O. Box 983<br>Harrisburg, PA  17108 |
| Chief Judge Thomas I. Vanaskie<br>Judge A. Richard Caputo<br>Judge James M. Munley<br>Judge William J. Nealon<br>Judge Richard P. Conaboy<br>Judge Edwin M. Kosik<br>Magistrate Judge Malachy E. Mannion<br>Magistrate Judge Thomas M. Blewitt | U.S. District Court<br>235 N. Washington Ave.<br>  P.O. Box 1148<br>Scranton, PA  18501 |
| Judge James F. McClure<br>Judge Malcolm Muir | U.S. District Court<br>240 West Third Street<br>Suite 218<br>Williamsport, PA  17701 |

*Exhibit "F"*

ODS

4124728-0
RONALD TILLMAN
USNER LEWISBURG, PA 17837
HOBBS, MD JAN
HOBBS, MD JAN
41    9/11/1959      202159 1

## Evangelical Community Hospital

ONE HOSPITAL DRIVE
LEWISBURG, PA 17837

## MEDICAL PARK EAR NOSE & THROAT
## PATIENT INSTRUCTION SHEET

**PATIENT'S NAME** _____

The following is a listing of Patient Instructions. The paragraph which applies to you has been checked. Please read and follow all instructions carefully. If you have any problems or questions, please call the office at 523-1163. If it is after hours and your call is not returned within 30 minutes, call again.

### DIET
- ☐ Begin with cool fully liquid substances and advance as desired, but *DO NOT* eat or drink anything hot. Warm liquids are permissible.
- ☐ Eat only soft foods — anything that can be mashed with a fork.
- ☑ May have your usual diet.
- ☐ Other _____

### ACTIVITY
- ☐ Do not blow nose, may sniff back. Sneeze with mouth open.
- ☐ Do not talk — please write all communications.
- ☐ May talk in normal conversation — no yelling or singing.
- ☐ Lift less than 25 lbs.
- ☐ Light household chores.
- ☐ Keep pad on nose for _____ hours.
- ☐ May resume sexual intercourse in _____ days.
- ☑ Normal.

### BATHING
- ☐ May wash hair in sink with help.
- ☑ May shower.
- ☐ Only tub bath — keep area clean and dry.
- ☐ Place cotton covered with Vaseline in ears at bath time till seen in follow-up.

*LIMITED OFFICIAL USE SENSITIVE*

### WOUND CARE
- ☐ Clean area with Hydrogen Peroxide and Q-Tips once a day.
- ☐ Apply Bacitracin ointment _____.
- ☐ No dressing necessary.
- ☐ Change bandage as needed.
- ☐ Purchase dressing at pharmacy and change as needed.
- ☐ Keep nasal splint on and attempt to keep dry.

### RETURN VISIT    Will be notified if follow up visit necessary
- ☐ Call office as soon as possible to schedule appointment in _____ days, or _____ week(s).

### EMPLOYMENT
- ☐ Expect to return to work / school in _____ days / weeks.
- ☐ No gym class for _____ days / weeks.

### MEDICATIONS
- ☐ Ocean nasal spray. (3) sprays each side of nose and sniff back. Repeat 6-10 times daily.
- ☑ Tylenol — appropriate dose per age, every four (4) hours as needed for pain.
- ☐ Darvocet N 100 — one (1) tablet every four (4) hours as needed for pain.
- ☐ Tylenol with Codeine Elixer: take _____ teaspoons every 4 hours as needed for pain.
- ☐ Pediotic ear drops, place 2 drops each ear three times a day while drainage is observed. Drops are not necessary if no drainage is observed.
- ☐ Other: _____

### MISCELLANEOUS

_Ronald S. Tillman_                          _____          1/29/01
*(Parent's or Responsible Party's signature)*        *Physician*                 *Date*

White — PATIENT     Canary — MEDICAL RECORDS     Pink — PHYS

| MEDICAL RECORDS | CONSULTATION SHEET | |
|---|---|---|
| TO:           CT Scan | FROM: (Requesting Clinician/Physician)   AHMED S. SALAM, MD | DATE OF REQUEST   September 5, 2000 |

**Chief Complaint: Dysphagia**
**History of Present Illness:** *The patient has 2 month history of fullness in his neck and trouble with swallowing. He underwent x-ray of the neck which show calcified area in the lower neck*
Significant Physical Examination Findings*: soft lesion in the left thyroid lobe.*
**Significant Diagnostic Studies Done:** *x-ray*
**Summary of Prior Treatment for Present Condition:**
**Effect condition has on Patient's Ability to Function in Correctional Environment:**
**Current Medications:**
**Drug Allergies: None**
**Other Significant Medical Condition:**
Primary Impression/Procedure Requested at this Time: Neck mass/evaluation

| DOCTOR'S SIGNATURE:   AHMED S. SALAM, MD | APPROVAL DATE | TO BE SEEN NO LATER THAN:   ~~30 day~~   60 Days |
|---|---|---|

**CONSULTANT SECTION**

SIGNIFICANT FINDINGS:

CT of neck performed 10/4 Results will Be Forwarded

DIAGNOSIS: Michael /Kephhae RTC

TREATMENT: (Whenever possible, provide recommendation which permit continued care of the

Ahmed S. Abdel-Salem, M.D.

Follow Up #1: (Whenever possible, provide recommendation which permit continued care of the inmate within the institution setting and, if possible, by institution Staff.)

SENSITIVE LIMITED OFFICIAL USE

| SIGNATURE AND TITLE OF PROVIDER | DATE | |
|---|---|---|
| DATE OF INCARCERATION | U.S.P. LEWISBURG, PA 17837 | CUSTODY LEVEL: IN |

**PATIENT'S IDENTIFICATION:**                    CONSULTATION SHEET
Tillman, Ronald
85375-071

STANDARD
FORM 513
(Rev 3/99)

11/30/00

0900

S. Nasal Congestion

O. T: 97.4°F

HEENT - boggy nasal mucosa

Pulmo - clear

A. URI

P. Actifed 1 tab. tid #15 tabs.

Pt.Ed. Explained & understood. Platin, MD

Platin Hilletework, MD

NSN 7540-00-634-4176

AUTHORIZED FOR LOCAL REPRODUCTION

| MEDICAL RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTONS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |

10/31/00
0910

S: _[illegible]_ 43 yo BM c/o nasal congestion x _[illegible]_ weeks. Denies fever nausea vomiting _[illegible]_ _[illegible]_ at this time. pt c hx of allergic rhinitis.

O: Ambulates _[illegible]_ x3 & _[illegible]_ nad _[illegible]_ NEENT: nasal congestion noted. Chest clear.

(1) Allergic Rhinitis
(1) Actifed 30 mg _[illegible]_ tabs po #15
(2) f/u @ _[illegible]_ no _[illegible]_ _[illegible]_
(3) RTC prn S/C _[illegible]_ weeks
(4) pt indicated

_[signature]_
**Ivan Navarro, P.A.**

11/2/00
0710
S/C

S: On 4396 BM requests refill of meds for allergic rhinitis.

O: Nasal congestion noted.

A: (1) c/o allergic rhinitis

cont

| HOSPITAL OR MEDICAL FACILITY | STATUS | DEPART./SERVICE | RECORDS MAINTAINED AT |
|---|---|---|---|
| SPONSOR'S NAME | SSN/ID NO. | RELATIONSHIP TO SPONSOR | |

PATIENT'S IDENTIFICATION: *(For typed or written entries, give: Name - last, first, middle; ID No or SSN; Sex; Date of Birth; Rank/Grade.)*

REGISTER NO. 85375-071    WARD NO.

Tillman, Ronald

SENSITIVE
LIMITED OFFICIAL USE

CHRONOLOGICAL RECORD OF MEDICAL CARE
Medical Record
STANDARD FORM 600 (REV. 5-77)
Prescribed by GSA/ICMR
FIRMR (41 CFR) 201-9.202-1

R. 47



| DATE | SYMPTONS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |
|------|--------------------------------------------------------------------------|
| | ① P○ⓧ Achip 30g ī Tis #15 |
| | ② P.E ⓔ proper uro g urethr |
| | ③ Fbv reg. Slu |
| | ④ pd intentab |
| | ⑤ⓧ Baseline ort #3 _Ivan Navarro, P.A._ |
| | _Anthony Bussanich, M.D._ 11/9/○○ |
| 11/14/○○ 0507 Slu | S: ○○ 40 y○ request refill ī visit for allergic rhinitis Pous feus noses couning or dianhea at this time NLDA |
| | O: Ambulatory oriented x3 ū chronic behav. intent. try med. nasal mucous. US: BP 110/20 Hv 62 Jen 97.8 |
| | A○ 70 allergic rhinitis. |
| | P① Achip 30g ī ris #15 |
| | ② P.E ⓔ proper un g urg |
| | ③ Ebv ris reg. Slu |
| | ④ pd intentab _Ivan Navarro, P.A._ |

NSN 7540-00-634-4176

AUTHORIZED FOR LOCAL REPRODUCTION

| MEDICAL RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTONS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |

10/20/00
1240

*Adm. Note*

I/M came to S/c to know the results of a C scan done to him few weeks ago because of a mass he was feeling on his throat.

The results were given and there were no abnormalities found.

Luis Ramirez, P.A.
**Luis Ramirez, P.A.**

Ahmed S. Abdel-Salem, M.D.

---

10/23/00
0820

Adm. Note. Released copy of cat scan done 10/6/00 at Necks. (1 page)

F. Hester, MRAS
Franklin J. Hester, MRAS

---

10/23/00
0820

S  Still pt. claims to feel some sort of gra in his Throat.

CT of the cervical spine on 10/04/00 wa neg.

O.  Normal oropharyngeal mucosa.

A.  Mass ?

P.  Consult ENT  TEL. MED.

Anthony Bussanich, M.D.

| HOSPITAL OR MEDICAL FACILITY | STATUS | DEPART./SERVICE | RECORDS MAINTAINED AT |
|---|---|---|---|
| SPONSOR'S NAME | SSN/ID NO. | RELATIONSHIP TO SPONSOR | |

PATIENT'S IDENTIFICATION: *(For typed or written entries, give: Name - last, first, middle; ID No or SSN; Sex; Date of Birth; Rank/Grade.)*

Tillman, Ronald

DOB: 9/11/59

| REGISTER NO. | WARD NO. |
|---|---|
| 85375 - 071 | |

CHRONOLOGICAL RECORD OF MEDICAL CARE
Medical Record
STANDARD FORM 600 (REV. 6-97)
Prescribed by GSA/ICMR
FIRMR (41 CFR) 201-9.202-1

SENSITIVE
LIMITED OFFICIAL USE

R. 50

| HEALTH RECORD | | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|---|
| DATE | | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |

PATIENT ENCOUNTER FOLLOWING COMMUNITY MEDICAL TRIP

10/4/00

Subjective: *[illegible]*

Condition Giving Rise To Community Referral: *[illegible]*

Procedures Provided In Community: *[illegible]*

Complications: *[illegible]*

Current Symptoms or Concerns: *None*

Objective:

Vital Signs: *[illegible]*

General Apperance: *[illegible]*

Inspection of Surgical Site(s), if any: *N/A*

Assessment:                                                    R. 52

Plan:

Follow Up With Staff Physician Scheduled: ( ) Yes ( ✓ ) No ( ) NA

Paper Work For Follow Up With Consultant Submitted: ( ) Yes ( ✓ ) No ( ) NA

Paper Work For Follow Up Diagnostic Studies Submitted: ( ) Yes ( ✓ ) No ( ) NA

SMO Submitted: ( ✓ ) Yes ( ) No ( ) NA

Patient Education Sheet Signed: ( ✓ ) Yes ( ) No ( ) NA

Patient Satisfaction Survey Signed: ( ✓ ) Yes ( ) No ( ) NA

Paperwork Delivered To Clinical Coordinator: ( ✓ ) Yes ( ) No ( ) NA

Provisions For Special Diet Made: ( ) Yes ( ✓ ) No ( ) NA

Special Accommodations: *N/A*

Physical Therapy: *N/A*

Wound Care: *N/A*

Medications: *N/A*

| PATIENT'S IDENTIFICATION (Use this space for Mechanical Imprint) | RECORDS MAINTAINED AT: | U.S. Penitentiary Lewisburg, P.O. Box 1000, Lewisburg, P |
|---|---|---|
| Tinman, Ronald | | William Bogler, PA-C |
| USP LEWISBURG | | Physician Assistant |
| Health Services Unit | PATIENT'S NAME (Last, First, Middle Initial) | |
| Lewisburg, PA 17837 | RELATIONSHIP TO SPONSOR | STATUS       RANK/GRADE |
| | SPONSOR'S NAME | SENSITIVE    ORGANIZATION |
| 05375-07 | DEPART./SERVICE  SSN/IDENTIFICATION NO.| LIMITED OFFICIAL USE  DATE OF |
| | Health Services | |
| | CHRONOLOGICAL RECORD OR MEDICAL CARE | STANDARD FORM 600 (Rev. |

NSN 7540-00-634-4176

AUTHORIZED FOR LOCAL REPRODU

| MEDICAL RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTONS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |

9/5/00

10:00

S: The patient is here for x-ray results. He has been complaining of pressure symptoms and trouble with swallowing for the last 2 month.

Past History:                          Allergies: None

System review:    Cardiac: Negative          Respiratory: Negative

GI: Negative              Neurological: Negative

Urinary: Negative          Skin: Negative

O: X-ray was taken last week and was sent for reading.

A.: Dysphagea

P. Generate consult for CT scan of the neck.

Return if needed

*allergies oni Tablet thrist daily X 5 days*

Pt. Educ on condition, evaluation and treatment plans.  Understood.

AHMED X SALAM, MD

R. 53

| HOSPITAL OR MEDICAL FACILITY | STATUS | DEPART./SERVICE | RECORDS MAINTAINED AT |
|---|---|---|---|
| SPONSOR'S NAME | SSN/ID NO. | RELATIONSHIP TO SPONSOR | |

PATIENT'S IDENTIFICATION: (For typed or written entries, give: Name - last, first, middle; ID No or SSN; Sex; Date of Birth; Rank/Grade.)

Tillman, Ronald

85375-071

09/11/1959(DOB)

CHRONOLOGICAL RECORD OF MEDICAL CARE
Medical Record
STANDARD FORM 600 (REV. 6-97)
Prescribed by GSA/ICMR
FIRMR (41 CFR) 201-9.202-1

SENSITIVE
LIMITED OFFICIAL USE

| REGISTER NO. | WARD NO. |
|---|---|

| DATE | SYMPTONS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |
|------|--------------------------------------------------------------------------|
| 9-11-00 | S: R Refill of actifed. |
| 1000 | O: Appears to be well. |
| | A: Chronic rhinitis. |
| | P: ① Actifed ī PO TID, x5 d. |
| | ② F/U: PRN — understood. |

Martin Newton, PA-C
USP, Lewisburg

Ahmed S. Abdel-Salam, M.D.

R. 54

| DATE | SYMPTONS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |
|------|---------------------------------------------------------------------------|
| 8/28/00 9:00 | Admin visit Patient was counseld to Come back next thursday to check c Urplatin dent the status of his X-ray Ahmed S. Abdel-Salam, M.D. |
| 08/31/00 1010 | S. sneezing & nasal Running c/o uncomfortable sensation in the throat for about 2 months. 40 yrs. old B♂ claims to expirience some sort of growth in his throat, when ever he swallows solid food. O. HEENT:- injected Sclera & watery eyes; pink nasal mucosa. no cervical lymphoadenopathies. Trachea in the middle Pulmo. clear. A. A. Rhinitis. ? c/o growth in Trachea. R/ actifed 1 tab. tid # 15 tabs. X-ray of the neck. Pt. ed. Explained and understood. Platin Hilletework. PA |

Platin Hilletework. PA

| DATE | SYMPTONS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |
|---|---|
| 7/13/00<br>0915 | S: 40 y/o BM c/o cough, cold, body ache<br>HA x 3 days.<br>    PMHx: Non-contributory<br>O: BP: 131/71   PR: 85        T°: 97-1°<br>HEENT: boggy nasal mucosae;<br>    ↓ congestion & throat<br>CHEST: unremarkable<br>A: URI c̄ assc'td body ache<br>P: > Actifed ī tab TID x 5 days #15 o<br>    > Humibid ī tab BID #14 o Ref.<br>    > Ibuprofen 400 mg TID (q̄ 8°) for<br>        pain #24 o Ref.<br>    > Pt educ on Rx, plans + f/f-up<br>        understood.<br>    > ↑ water intake while on Rx.<br>                    EzTerg + PA<br>            ONG, EDGARDO T., PA |
| 7/17/00<br>850 | S: 40 y/o still c̄ ś sore throat<br>Hx of URI p/dys go c̄ appropriate tx<br>of NKO, subtlety, Edm'ts pharynx c̄ exud..<br>Tmp 98.6°F   Chest: clr.<br>A: Pharyngitis<br>P: Continue current therapy as above<br>(2) Keflex 250 mg ī no gid x 10 o<br>Rx, Tx + pln discussed + understood<br>                    [signature]<br>            N. RODRIGUEZ-MIRALLES PA |

| DATE | SYMPTONS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |
|------|---------|
| 3/23/99 | Continued: |

O: In good general condition -
   BP= 116/69  T°= 95.5°  Pulse = 73  wt 18
Throat congested -
Coughing++ a productive cough.
Lungs clear on auscultation and
percussion

A 1) Purulent URI
  2) Flue like syndrome

P 1) Tabs Bactrim ī bid #20.
  2) Tabs actifed ī tid #15
  3) Tabs motrin 800 mg ī tid #15.
  4) Lay in for ~~two days~~ three days

Pt Ed — Drink plenty of fluids
Tx and F/u discussed and
understood   RTC PRN
                    Okoth. PA

                    **Jane Okoth, P.A.**

**R. 65**

| ·DATE | SYMPTOM, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |
|---|---|
| Continuation 4/6/98 0745 | Addendum pt seems concern about her health. "Can I have a test to check if I have cancer"? (SMA24 ordered Jr Blood test-picture status) |

Maximo Velasco M.D.
Medical Officer

Vicarthur R. Factora
Physician Assistant

| 4/17/98 1530 | Administrative note all LFT ↑ Hepatitis screen |

JAE SHIM, MD

| 26May1998 0809 | S: 38 y o b ♂ is seen on s/c c̄ cc: sores in nose since 1994. %o P.AW. Has been on Dilloxacillin which cleared sores up. Has had this recur on a weekly basis for four years, over 300 time. Also used vaseline. On no meds. NKDA. Non-smoker. Denies significant PMH |
| | O: Alert + ambulatory. w/o w/n. w/d in NAD. No TCS, tremors, cough, or obvious deformities. |
| | V.S: Wt – 184 lbs, P- 62 + regular, T- 97.7°F, BP 120/78 mm |
| | Nose: no lesions appreciated. ⊕ clear drainage. |
| | A: Perennial allergic rhinitis |
| 31. | P: Pt. ed: care + Tx understood. p/u prn via s/c. |
| | Rx: Beclomethasone Dipropionate nasal #01 c̄ spray EA nostril BID – QID PRN |

MARK PEORIA
PHYSICIAN ASSIST

| 19Jul 1998 0809 (continued) | S: 38 y o b ♂ is seen on s/c c̄ cc: breaking out on arms X one wk. No sxs. on no meds. NKDA. PMH: Perennial allergic rhinitis. Non-smoker. |

| DATE | SYMPT, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |
|------|------------------------------------------------------------------------|
| 13 ○○<br>7-8-97 | Admin Note: cont. foot for custom orthoses.<br><br>P. CLEMENS, PA |
| 7/18/97<br>1030 | Admin Note: I/M seen the am of 7/18 in the general surgery clinic. Please see the enclosed consult for complete details.<br><br>DANIEL O. ROMERO, M.D. |
| 9/03/97<br>0710 | S:  I/M complaining of non-responding illness.  He was told that his problem was recurrent sinusitis but he is complaining that it is not getting any better and that his nose feels "raw".<br><br>O:  Nasal examination of the turbinates revealed congested superior and middle turbinas; erythematous; no growth observed and mucosa appear smooth and wet.<br><br>A:  Allergic rhinitis<br><br>P:  Chlortrimeton tablets every 6 hours for allergy.  # 21 Refill # 2.  use q 12hr x 3 days only ＭＯ<br>Afrin nasal spray. Use in Am upon waking up; followed at 2:00 pm and last spray should be just before sleeping. #1, Refill #1.<br>Advised to shaved moustache until allergen has been ruled out.<br>Avoid powdery/dust and bed sheets twice changed weekly is feasible and within custodial policy.<br>Pt. education on the limitation of nasal spray and sideeffects of Chlortimeton tablets.  Understood. M.D.<br><br>Maximo Velasco M.D.<br>Medical Officer<br><br>ONG, EDGARDO T., PA |
| 0900<br>12/31/97 | Admin Note: Reordered size 13 ○○ boots.<br><br>Maximo Velasco M.D.<br>Medical Officer |

*U.S. Government Printing Office: 1994 — 300-892/10016    STANDARD FORM 600 BACK (REV.

R. 73

| • DATE | SYMPTOM, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |
|--------|---------------------------------------------------------------|
| 0630 4-17-97 | 37 y/o black male |
| | S: Pt c/o chronically dry nose. NKDA. No current meds. PMH: noncontributory. |
| | O/A: Dry nasal membranes. |
| | P: Pt Ed on chronicity of condition & prognosis medication usage. |
| | RTC PRN |
| | Normal Saline prn #1, 2 RF |
| | Vaseline bid prn #1, 2 RF |
| | PCC — Pac |
| | **P. CLEMENS, PA** |
| 0910 4-28-97 | S: Pt c/o dry nose & sore feet. NKDA. Has tried NACl & vaseline. Chronic foot pain |
| | O: Dry nose. Bilateral bunions. Mild adducted toes |
| | A: Dry nose Bunions |
| | P: Pt Ed on etiology & tx understood. RTC in AM Create pouch to accommodate bunions. Size 13W 735 shoes ordered. Bacitracin Ointment bid |
| | PCC — Pac |
| | **P. CLEMENS, PA** |

"U.S. Government Printing Office: 1992 — 342-199/50195    STANDARD FORM 600 BACK (REV.

R. 74

NSN 7540-00-634-4176

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT TREATING ORGANIZATION (Sign each entry) |

2-10-97
Cont'd
→ Call out for AIDS Test.
→ Pt. educ on conditions + Rx. Counseling for H
test done. Deny tattooing / drug use.

ONG, EDGARDO T., PA

3-03-97
0830
191 lbs
S: 39 y/o BM complains ₹ recurrent sore in
the upper mucosal region in the nose; bleed
when b
O: → open sore in the ⓛ nostril, non floodly
No crust noted; ₤ hair growth in the nostri
making it hard to evaluate
A: Infected nasal mucosa probably 2° to chr
irritation. r/o nasal polyp in nose.
Ⓡ P: → Dicloxacillin 500mg. QID × 28 o refills
→ D/c aspirin
→ Pt educ as to condition / Rx
→ RTC when necessary or if sore persists
after AB Rx.
→ Possible referral to otor ENT

ONG, EDGARDO T., PA

3/28/97
0900
Adm note:
Released to inmate this date 4 copies of
med data BP-362 dated 1/8/97, x-ray 1/21/9
₤ SF600 1/8/97 to 2/10/97.

Franklin J. Hester, MRAS

PATIENT'S IDENTIFICATION (Use this space for Mechanical Imprint)

RECORDS MAINTAINED AT: ▶

PATIENT'S NAME (Last, First, Middle, Initial)
Tillman, Ronald
SEX M

RELATIONSHIP TO SPONSOR | STATUS | RANK/GRAD

R. 75

SPONSOR'S NAME | SENSITIVE | ORGANIZATION

DEPART./SERVICE | SSN/IDENTIFICATION NO. | DATE OF BIR

USP LEWISBURG
HEALTH SERVICES UNIT
LEWISBURG, PA 17837

CHRONOLOGICAL RECORD OF MEDICAL CARE

STANDARD FORM 600 (REV. 5-
Prescribed by GSA and ICMR
FIRMR (41 CFR) 201-45.505

| MEDICAL RECORDS | CONSULTATION SHEET | |
|---|---|---|
| TO: ENT- DR HOBBS | FROM: (Requesting Clinician/Physician) Doctor Bussanich/ PA Bogler | DATE OF REQUEST 10-16-2000 |

**Chief Complaint:** "I HAVE THIS LUMP IN MY THROAT WHENEVER I SWALLOW ANYTHING"

**History of Present Illness:** *THIS IS A 43 Y/O INMATE WHO COMPLAINS OF A FULLNESS IN HIS THROAT WHEN HE SWALLOWS EITHER LIQUIDS OR SOLIDS, WHICH STARTED IN JULY OF THIS YEAR. HE DENIES LIQUIDS OR SOLIDS CATCHING IN HIS THROAT. HE ALSO STATES THERE HAS BEEN SOME CHANGES TO HIS VOICE IN THE LAST TWO MONTHS. A CT SCAN PERFORMED 10-4-2000 FAILED TO REVEAL "CERVICAL SOFT TISSUE MASSES, ABNORMAL CALCIFICATIONS. OR OTHER UNUSUAL COLLECTIONS". PLEASE EXAMINE AND MAK TREATMENT RECOMMENDATIONS.*

**Significant Diagnostic Studies Done:** CT SCAN

**Summary of Prior Treatment for Present Condition:** NONE

**Effect condition has on Patient's Ability to Function in Correctional Environment:** NONE

**Current Medications:** NAPROXEN, ACTIFED

**Drug Allergies:** NKDA

**Other Significant Medical Condition:** ALLERGIC RHINITIS

**Primary Impression/Procedure Requested at this Time:** GLOBUS HYSTERICUS VS SOFT TISSUE MASS, PLEASE PERFORM LARYNGOSCOPY.

| DOCTOR'S SIGNATURE Anthony Bussanich, M.D. | APPROVAL DATE | TO BE SEEN NO LATER THAN: NOVEMBER 2000 |
|---|---|---|

### CONSULTANT SECTION

**SIGNIFICANT FINDINGS:**
Rt VC lesion →
Bx

**DIAGNOSIS:**
Rt VC lesion —
probable reflux

**TREATMENT:** (Whenever possible, provide recommendation which permit continued care of the inmate within the institution setting, and, if possible, by institution Staff.)
Needs BA-Swallow —
+ then Micro DLB / esophagoscopy

**Follow Up #1:** (Whenever possible, provide recommendation which permit continued care of the inmate within the institution setting, and, if possible, by institution Staff.)
Need to schedule BAS- r/o reflux
schedule for micro — direct
laryngoscopy + Bx of Rt VC, +
esophagoscopy                     Anthony Bussanich, MD

| TILLMAN, RONALD 85375-071 | | |
|---|---|---|
| SIGNATURE AND TITLE OF PROVIDER | DATE 10/31/00 | |
| DATE OF INCARCERATION | USP LEWISBURG, PA 17837 | CUSTODY LEVEL: |

EVANGELICAL COMMUNITY HOSPITAL
ONE HOSPITAL DRIVE, LEWISBURG, PA 17837
DIAGNOSTIC RADIOLOGY

```
Name: TILLMAN, RONALD                              Requisition # : 4326496
Pt# : 4085310-O-OPR          MR# : 200029          Location:
DOB: 09/11/1957     Age: 043Y Sex: M               Adm Dr: MISC, DOCTOR
Order D&T: 10/01/2000 10:57:20                      Ord Dr: MISC, DOCTOR
Sched D&T: 10/04/2000 08:30:00                      CC Phy:
Date Service Completed:  10/04/2000                 CC Phy:
Indication: X                                       CC Phy:
```

### *** Final Result ***

**CT SCAN NECK**

RONALD TILLMAN/ JOB # 181991/ EKB

UNENHANCED AND ENHANCED CERVICAL SPINE CT 10-4-00:

Preliminary helical 5 mm thick sections were obtained beginning at the thyro
cartilage and extending inferiorly into the lung apices. Helical contiguous
5 mm thick sections were then performed from the skull base to the very
superior margin of the aortic arch.  There are no prior studies for comparis

The precontrast images show no evidence of thyroid enlargement, calcificatic
or mass. No other abnormal cervical soft tissue calcifications are identifie

The postcontrast images show symmetric carotid and jugular vascular
enhancement. Thyroid enhancement is also uniform. No thyroid masses or
enlargement are identified. No other cervical soft tissue masses, adenopath
or abnormal collections are identified. No lesions in visualized portions o
the superior mediastinum are identified.

IMPRESSION: NO MASS, CALCIFICATION,  OR OTHER ABNORMAL LESIONS OF THE THYRO
GLAND ARE IDENTIFIED. NO CERVICAL SOFT TISSUE MASSES, ABNORMAL CALCIFICATION
OR OTHER UNUSUAL COLLECTIONS ARE IDENTIFIED.

JSO:JSO                          Electronically signed by:

10/06/2000 at 17:42:01           JAMES S O'BRIEN, MD            10/06/2000 17:4

SENSITIVE
LIMITED OFFICIAL USE

**R. 81**

12/03/2000  17:15  7175245737
NOV-30-2000  08:30       USP LEWISBURG       MEDICAL PARK EN?       570 522 7722       PAGE 8
                                                                                        P.02

| MEDICAL RECORDS | CONSULTATION SHEET | |
|---|---|---|
| TO: DR. HOBBS- OUTSIDE | FROM: (Requesting Clinician/Physician) Doctor Bussanich/ PA Bogler | DATE OF REQUEST 10-31-2000 |

**Chief Complaint:** THIS IS A 43 YEAR OLD INMATE WHO COMPLAINS OF A FULLNESS IN HIS THROAT WHEN HE SWALLOWS EITHER LIQUIDS OR SOLIDS X 4 MONTHS. HE WAS SEEN BY YOU ON 10-31-2000 IN YOUR OFFICE WHEN YOU COMMENDED A BARIUM SWALLOW TO R/O REFLUX FOLLOWED BY MICRO-DIRECT LARYNGOSCOPY WITH BIOPSY OF A LESION ON THE RIGHT VOCAL CORDS, AND ALSO ESOPHAGOSCOPY.

**History of Present Illness:** AS ABOVE
**Significant Physical Examination Findings:**
**Significant Diagnostic Studies Done:** CT SCAN 10-4-2000
**Summary of Prior Treatment for Present Condition:** NONE
**Effect condition has on Patient's Ability to Function in Correctional Environment:** NONE
**Current Medications:** NAPROXEN, ACTIFED
**Drug Allergies:** NKDA
**Other Significant Medical Condition:** ALLERGIC RHINITIS
**Primary Impression/Procedure Requested at this Time:** RIGHT VOCAL CORD LESION, R/O REFLUX  PLEASE PERFORM A MICRO- DIRECT LARYNGOSCOPY, BIOPSY OF RIGHT VOCAL CORD LESION, AND ESOPHAGOSCOPY

| DOCTOR'S SIGNATURE: | APPROVAL DATE | TO BE SEEN NO LATER THAN: DECEMBER 2000 AFTER BARIUM |
|---|---|---|
| Anthony Bussanich, M.D. | | SWALLOW COMPLETED |

**CONSULTANT SECTION**

SIGNIFICANT FINDINGS: BAS — with small Sliding Hiatal Hernia, + some reflux

DIAGNOSIS: Reflux

TREATMENT: (Whenever possible, provide recommendation which permit continued care of the inmate within the institution setting, and, if possible, by institution staff.)
Prevacid 30mg qd, and needs to have Omicro laryngoscopy and bx of Rt VC lesions, and esophagoscopy

Follow Up #1: (Whenever possible, provide recommendation which permit continued care of the inmate within the institution setting, and, if possible, by institution staff.)

R. 82

Jan Hobbs MD

TILLMAN, RONALD 85375-071        USP LEWISBURG, PA 17837        523-1163

Anthony Bussanich, M.D.   12/8/00

SENSITIVE
LIMITED OFFICIAL USE

| MEDICAL RECORDS | CONSULTATION SHEET | |
|---|---|---|
| TO: RADIOLOGY | FROM: (Requesting Clinician/Physician) Doctor Bussanich/ PA Bogler | DATE OF REQUEST 10-31-2000 |

**Chief Complaint:** THIS IS A 43 YEAR OLD INMATE WHO COMPLAINS OF A FULLNESS IN HIS THROAT WHEN HE SWALLOWS EITHER LIQUIDS OR SOLIDS X 4 MONTHS. HE WAS SEEN BY ENT ON 10-31-2000 WHO WANT TO R/O GERD. THEY RECOMMENDED A BARIUM SWALLOW TO R/O REFLUX.

**History of Present Illness:** *AS ABOVE*

**Significant Physical Examination Findings:**

**Significant Diagnostic Studies Done:** CT SCAN 10-4-2000

**Summary of Prior Treatment for Present Condition:** NONE

**Effect condition has on Patient's Ability to Function in Correctional Environment:** NONE

**Current Medications:** NAPROXEN, ACTIFED

**Drug Allergies:** NKDA

**Other Significant Medical Condition:** ALLERGIC RHINITIS

**Primary Impression/Procedure Requested at this Time:** RIGHT VOCAL CORD LESION, R/O REFLUX.  PLEASE PERFORM A BARIUM SWALLOW

| DOCTOR'S SIGNATURE: Anthony Bussanich, M.D. | APPROVAL DATE | TO BE SEEN NO LATER THAN: NOVEMBER 2000 |
|---|---|---|

### CONSULTANT SECTION

**SIGNIFICANT FINDINGS:**

report to follow

N. Kaut MD

**DIAGNOSIS:**

Anthony Bussanich, M.D.
1/20/0 ?

**TREATMENT:** (Whenever possible, provide recommendation which permit continued care of the inmate within the institution setting, and, if possible, by institution Staff.)

**Follow Up #1:** (Whenever possible, provide recommendation which permit continued care of the inmate within the institution setting, and, if possible, by institution Staff.)

| SIGNATURE AND TITLE OF PROVIDER | | DATE |
|---|---|---|
| DATE OF INCARCERATION | USP LEWISBURG, PA 17837 | CUSTODY LEVEL: |

**PATIENT'S IDENTIFICATION:**
TILLMAN, RONALD   85375-071

CONSULTATION SHEET
STANDARD FORM 513 (Rev 3/99)

R. 83

| RECORDS | CONSULTATION SHEET | | |
|---|---|---|---|
| TO: HOBBS- OUTSIDE | FROM: (Requesting Clinician/Physician) Doctor Bussanich/ PA Bogler | | DATE OF REQUEST 10-31-2000 |

**Chief Complaint:** THIS IS A 43 YEAR OLD INMATE WHO COMPLAINS OF A FULLNESS IN HIS THROAT WHEN HE SWALLOWS EITHER LIQUIDS OR SOLIDS X 4 MONTHS. HE WAS SEEN BY YOU ON 10-31-2000 IN YOUR OFFICE WHEN YOU COMMENDED A BARIUM SWALLOW TO R/O REFLUX FOLLOWED BY MICRO-DIRECT LARYNGOSCOPY WITH BIOPSY OF A LESION ON THE RIGHT VOCAL CORDS, AND ALSO ESOPHAGOSCOPY.

**History of Present Illness:** *AS ABOVE*

**Significant Physical Examination Findings:**

**Significant Diagnostic Studies Done:** CT SCAN 10-4-2000

**Summary of Prior Treatment for Present Condition:** NONE

**Effect condition has on Patient's Ability to Function in Correctional Environment:** NONE

**Current Medications:** NAPROXEN, ACTIFED

**Drug Allergies:** NKDA

**Other Significant Medical Condition:** ALLERGIC RHINITIS

**Primary Impression/Procedure Requested at this Time:** RIGHT VOCAL CORD LESION, R/O REFLUX. PLEASE PERFORM A MICRO- DIRECT LARYNGOSCOPY, BIOPSY OF RIGHT VOCAL CORD LESION, AND ESOPHAGOSCOPY

| DOCTOR'S SIGNATURE: | APPROVAL DATE | TO BE SEEN NO LATER THAN: DECEMBER 2000 AFTER BARIUM |
|---|---|---|
| Anthony Bussanich, M.D. | | SWALLOW COMPLETED |

## CONSULTANT SECTION

SIGNIFICANT FINDINGS:

DIAGNOSIS:

TREATMENT: (Whenever possible, provide recommendation which permit continued care of the inmate within the institution setting, and, if possible, by institution Staff.)

Follow Up #1: (Whenever possible, provide recommendation which permit continued care of the inmate within the institution setting, and, if possible, by institution Staff.)

SENSITIVE
LIMITED OFFICIAL USE

| TILLMAN, RONALD 85375-071 | USP LEWISBURG, PA 17837 |
|---|---|

R. 85

Exhibit "G"



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

|  |  |
|---|---|
| **OPI:** | HSD |
| **NUMBER:** | 1640.03 |
| **DATE:** | July 1, 1994 |
| **SUBJECT:** | Smoking/No Smoking Areas |

**EFFECTIVE DATE:** August 1, 1994

1.  [<u>PURPOSE AND SCOPE</u> §551.160. **To advance towards becoming a clean air environment and to protect the health and safety of staff and inmates, the Bureau of Prisons will restrict areas and circumstances where smoking is permitted within its institutions and offices.**]

In correctional institutions, smoking prohibitions (no smoking areas) shall apply equally to staff and inmates. In administrative buildings, the provisions of this Program Statement shall apply to staff in those areas under the Bureau's control.

The hazards of tobacco smoke are now well established by medical and public health authorities. The risks posed to nonsmokers by passive inhalation of environmental tobacco smoke (ETS) are of particular concern. The Surgeon General has concurred with scientific research which indicates that "involuntary smoking is a cause of disease, including lung cancer, 'in healthy nonsmokers." On January 7, 1993, the Environmental Protection Agency (EPA) officially endorsed a report by an outside panel of scientific advisers to the agency, which stated "exposure to second-hand cigarette smoke causes lung cancer in adults and greatly increases the risk of respiratory illness in children."

Consistent with the implications raised by this report, and the advisories given by health authorities, the Bureau of Prisons has established a long-range goal of creating a smoke-free workplace and clean air environment. To achieve this objective, the Bureau has established the Office of Health Promotion and Disease Prevention to help individuals develop a healthier lifestyle, including smoking cessation.

2. <u>DIRECTIVES AFFECTED</u>

  a.  <u>Directive Rescinded</u>

    P.S. 1640.02    Smoking/No Smoking Areas (11/16/89)

  b.  <u>Directives Referenced</u>

    P.S. 5270.07    Inmate Discipline and Special Housing Units
                  (12/29/87)
    P.S. 1232.03    Personal Computers (06/15/90)

    Comptroller General Decision B-231453, Smoking Cessation
    Program for Federal Employees (02/03/89)

    Office of Personnel Management FPM Letter 792-20,
    Clarification of FPM Chapter 792, Federal Employees Health
    and Counseling Programs (05/17/89)

  c.  Rules cited in the Program Statement are contained in 28
CFR 551.160-164.

3.  <u>STANDARDS REFERENCED</u>

  a.  American Correctional Association 3rd Edition Standards for
Adult Correctional Institutions: 3-4363.

  b.  American Correctional Association 3rd Edition Standards for
Adult Local Detention Facilities: 3-ALDF-4E-33.

  c.  Joint Commission on Accreditation of Healthcare
Organizations, 1993 Accreditation Manual For Hospitals, Volume I:
MA.1.3.14, MA.1.3.14.1.

4.  **[<u>DEFINITIONS</u> §551.161.  For purpose of this subpart, smoking
is defined as carrying or inhaling a lighted cigar, cigarette,
pipe or other lighted tobacco products.]**

  a.  <u>Warden</u> ordinarily refers to Chief Executive Officers,
including Camp Superintendents, Staff Training Center Directors,
Regional Directors, and the Director or Assistant Directors
(including General Counsel) in the Central Office.

  b.  <u>Administrative areas</u> include Central Office, regional
offices,  Management/Training Centers, UNICOR Product Support
Centers, UNICOR Regional Marketing Centers, Community Corrections
Management and Management Center Administrators offices, and
temporary office quarters for all new institutions.

c.  <u>Hall</u> and <u>corridor</u> are defined as areas which join two separate sections or rooms.

d.  <u>Kitchen and food preparation areas</u> are defined as all areas within the institution's Food Service Department, including food storage areas and pantry areas for satellite food delivery, such as those found in special housing units.

e.  <u>Medical and dental delivery areas</u> are defined as all areas within the institution's Health Services Department, including waiting areas and satellite treatment rooms, such as those found in satellite camps, UNICOR, and special housing units, where medical and dental treatment and care occur.

5.  **[<u>DESIGNATED NO SMOKING AREAS</u> §551.162.  All areas of Bureau of Prisons facilities and vehicles are no smoking areas unless specifically designated as a smoking area by the Warden as set forth in §551.163.]**

Section §551.163 is contained in Section 6 of this Program Statement.

6.  **[<u>DESIGNATED SMOKING AREAS</u> §551.163.]**  Ordinarily, an outdoor area, away from combustible materials, shall be designated as a smoking area.

**[a.  At all medical referral centers, including housing units, and at minimum security institutions, including satellite camps and intensive confinement centers, the Warden shall identify "smoking areas," ordinarily outside of all buildings and away from all entrances so as not to expose others to second-hand smoke.]**

In rare and extenuating circumstances, in accordance with Joint Commission on Accreditation of Healthcare Organizations (JCAHO) guidelines, Wardens at medical referral centers may allow terminally ill and psychiatric patients to smoke indoors. Authorization shall be granted only after a physician's order has been written.  The designated smoking area shall be located away from other patients in a well ventilated space, so others are not exposed to second-hand smoke.

**[b.  At all low, medium, high, and administrative institutions other than medical referral centers, the Warden shall identify outdoor smoking areas and may, but is not required to, designate a limited number of indoor smoking areas where the needs of effective operations so require, especially for those who may be employed in, or restricted to, a nonsmoking area for an extended period of time.]**

P.S. 1640.03
July 1, 1994
Page 4

Indoor smoking areas shall be well ventilated to the outdoors. Smoking shall not be permitted in the following areas:

- ◆ Elevators
- ◆ Storage rooms and warehouses
- ◆ Libraries
- ◆ Dining facilities
- ◆ Kitchen and food preparation areas
- ◆ Medical/dental care delivery areas
- ◆ Institution/Government vehicles
- ◆ Administrative areas and offices
- ◆ Auditoriums
- ◆ Classrooms and conference rooms
- ◆ Gymnasiums and exercise rooms
- ◆ Restrooms
- ◆ Areas containing computer assets, in accordance with the requirements of the Program Statement on Personal Computers.

Smoking shall also not be permitted in halls or corridors, unless the Warden determines it is absolutely necessary to maintain the effective operations of the institution.

In selected areas meeting the requirements of Section 6.b., where staff are confined for extended periods, the Warden may, but is not required to, establish smoking areas depending upon the preference of the personnel involved.  Ordinarily, nonsmoking employees' preference shall be the determining factor. Nonsmoking staff shall not normally be assigned, over their objection, to an indoor workspace where smoking is permitted. Normal office and administrative areas, whether occupied by individual or multiple smokers or nonsmokers, shall be nonsmoking.

Prior to designating a smoking area, the Warden shall review the physical layout and function of the institution, with particular attention to:

- ◆ Hazardous environmental factors.  Special caution must be used in any area which has, or may contain, significant quantities of readily combustible or explosive liquids, gases, vapors, or solid waste.

- ◆ Ventilation and human density during use of the area. Smoking is not permitted in congested areas with poor ventilation or where ventilation systems may carry smoke to nonsmoking areas.

- ◆ Housekeeping, sanitation, and protection of property. In areas where smoking is permitted, sufficient ashtrays and other provisions for the safe and sanitary disposal of hot ashes must

P.S. 1640.03
July 1, 1994
Page 5

be considered.

♦ Types of physical barriers separating adjacent areas. In general, areas with incomplete physical separation (e.g., with low modular office walls) shall be considered as one area.

♦ Activities undertaken in the area. Smoking is not permitted in areas used for medical or dental treatment, physical exercise, or food preparation, service, or storage.

♦ Ability of occupants to remove themselves voluntarily from the immediate environment. Special consideration must be given to areas where smoking staff and inmates may be confined for extended periods.

**[c. To the maximum extent practicable nonsmoking inmates shall be housed in nonsmoking living quarters.]**

In low, medium, high, and administrative institutions (other than medical referral centers) with common living areas for large numbers of inmates (e.g., jails, dormitories), living facilities, to the extent practicable, shall be separated into smoking and nonsmoking areas sufficient to accommodate all nonsmokers. When feasible, separate dormitories shall be provided for nonsmoking inmates desiring such housing.

d. At all administrative buildings (defined in Section 4), smoking areas for staff shall be established outside of all buildings and away from all entrances, so as not to expose others to second-hand smoke.

7. **[NOTICE OF SMOKING AREAS §551.164. The Warden shall ensure that smoking areas are clearly identified by the appropriate placement of signs. The absence of a sign shall be interpreted as indicating a no smoking area. Appropriate disciplinary action shall be taken for failure to observe smoking restrictions.]**

8. <u>SMOKING CESSATION PROGRAMS</u>. Each institution is encouraged to offer smoking cessation programs to both staff and inmates. Institutions, using existing resources, may pay for the costs of a smoking cessation program.

9. <u>INSTITUTION SUPPLEMENT REQUIRED</u>. Each institution shall develop an Institution Supplement containing information on its smoking restrictions and identifying smoking areas within the institution. A copy of the Institution Supplement shall be forwarded to the Regional Health Systems Administrator.

10.  <u>EXISTING LABOR-MANAGEMENT AGREEMENTS</u>.  Existing labor-management agreements regarding the implementation of a smoke-free environment shall be honored except to the extent that such agreements would permit indoor smoking in derogation of this Program Statement for more than one year beyond the effective date of this directive.

11.  <u>EFFECTIVE DATE</u>.  The provisions of this Program Statement become effective August 1, 1994.  Where special implementation problems exist, the Medical Director, upon written request from a Warden through the appropriate Regional Director, may allow an extension of up to six months for compliance.

\s\
Kathleen M. Hawk
Director